IN THE UNITED STATES COURT OF APPEALS
FOR THE TENTH CIRCUIT

| | |
|---|---|
| CHARLES CLINE, | ) |
| | ) |
| Plaintiff-Appellant, | ) |
| | ) |
| v. | ) |
| | ) |
| CLINICAL PERFUSION | ) |
| SYSTEMS, INC. | ) |
| | ) |
| Defendant-Appellee. | ) |

Appeal From the United States District Court
For the Northern District of Oklahoma
District Court Case No. 22-cv-00314-CVE-CDL
The Honorable Claire V. Eagan, District Court Judge

**RESPONSE BRIEF OF APPELLEE,
CLINICAL PERFUSION SYSTEMS, INC.**

R. Tom Hillis, OBA #12338
J. Miles McFadden, OBA #30166
**TITUS HILLIS REYNOLDS LOVE**
15 East Fifth Street, Suite 3700
Tulsa, Oklahoma 74103
918-587-6800   FAX: 918-587-6822
thillis@titushillis.com
jmcfadden@titushillis.com

**ORAL ARGUMENT NOT REQUESTED**
February 22, 2023

## CORPORATE DISCLOSURE STATEMENT

Pursuant to Fed. R. App. P. 26.1(a) and (d), Defendant-Appellee Clinical Perfusion Systems, Inc. ("Clinical Perfusion," "Employer," or "Defendant"), states that there are no other corporations that own 10% or more of Clinical Perfusion.

# TABLE OF CONTENTS

CORPORATE DISCLOSURE STATEMENT ........................................................ ii

TABLE OF AUTHORITIES ....................................................................................iv

GLOSSARY............................................................................................................ vii

STATEMENT OF PRIOR OR RELATED APPEALS............................................1

STATEMENT OF JURISDICTION........................................................................1

STATEMENT OF THE ISSUES..............................................................................1

STATEMENT OF THE CASE..................................................................................2

    I.     PROCEDURAL HISTORY AND RULINGS PRESENTED FOR
          REVIEW....................................................................................................2

    II.    STATEMENT OF FACTS RELEVANT TO THE ISSUES
          SUBMITTED FOR REVIEW ...................................................................3

SUMMARY OF THE ARGUMENT ........................................................................5

ARGUMENT AND AUTHORITIES........................................................................5

    I.     STANDARD OF REVIEW........................................................................5

    II.    CLINE FAILED TO PLEAD PLAUSIBLE DISABILITY
          DISCRIMIATION CLAIMS. ....................................................................6

    III.   THE DISTRICT COURT DID NOT ERR IN DISMISSING CLINE'S
          OADA AGE DISCRIMINATION CLAIM ............................................14

CONCLUSION ........................................................................................................19

CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMIT..................20

CERTIFICATE OF SERVICE ...............................................................................21

# TABLE OF AUTHORITIES

## Cases

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ........................................................................6

*Barone v. S&N Auerbach Mgmt., Inc.*, 645 Fed. Appx. 13 (2d Cir. 2016) .............15

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) ........................................................6

*Bennett v. Windstream Commc'n, Inc.*, 792 F.3d 1261 (10th Cir. 2015) ................14

*Boykin v. ATC/VanCom of Colorado, L.P.*, 247 F.3d 1061 (10th Cir. 2001)..........13

*Branum v. Orscheln Farm & Home, LLC,* Case No. CIV-18-281-KEW, 2020 WL
   1917334 (E.D. Okla. Apr. 20, 2020) ....................................................................15

*Brokers' Choice of Am., Inc. v. NBC Universal, Inc.*, 757 F.3d 1125
   (10th Cir. 2014) .................................................................................................5, 6

*Clark v. Okla. ex rel. Bd. of Regents of the Univ. of Okla.*, No. CIV-15-302-R,
   2015 WL 4647798 (W.D. Okla. Aug. 5, 2015).......................................................7

*Cummings v. Premier Rehab Keller, PLLC*, __ U.S. ____; 142 S. Ct. 1562;
   212 L. Ed. 2d 552 (2022).........................................................................................8

*Detterline v. Salazar*, 320 Fed. Appx. 853 (10th Cir. 2009) ....................................7

*Dias v. City & Cnty. of Denver*, 567 F.3d 1169 (10th Cir. 2009).............................6

*Doe v. BlueCross BlueShield of Tennessee, Inc.*, 926 F.3d 235 (6th Cir. 2019).......9

*Encisco v. Presbyterian Healthcare Servs.*, Civ. No. 21-323 JCH/JFR, 2021 WL
   3206977 (D.N.M. July 29, 2021) .....................................................................9, 10

*Erikson v. Pawnee Cnty. Bd. of Cnty. Comm'rs*, 263 F.3d 1151 (10th Cir. 2001)....6

*Fain v. Crouch*, 545 F. Supp. 3d 338 (S.D.W.V. 2021) ...........................................8

*Francois v. Our Lady of the Lake Hospital, Inc.*, 8 F.4th 370 (5th Cir. 2021).........9

*Hall v. Bellmon*, 935 F.2d 1106 (10th Cir. 1991) ........................................6

*Hwang v. Kansas State Univ.*, 753 F.3d 1159 (10th Cir. 2014) ................ 10, 11, 13

*Jones v. Okla. City Pub. Schools*, 617 F.3d 1273 (10th Cir. 2010) ........................15

*LeFlore v. Flint Indus., Inc.*, No. 98-5024, 1999 WL 89281
  (10th Cir. Feb. 23, 1999) ........................................................15

*Miller v. Eby Realty Group, LLC,* 396 F.3d 1105 (10th Cir. 2005)........................18

*Morman v. Campbell County Mem'l Hosp.*, 632 Fed. Appx. 927 (10th Cir. 2015)..7

*Religious Sisters of Mercy v. Azar*, 513 F. Supp. 3d 1113 (D.N.D. 2021)...............8

*Stroup v. United Airlines Inc.*, 26 F.4th 1147 (10th Cir. 2022) ..............................18

*Taber v. City of Sand Springs*, No. 12-CV-0666-CVE-TLW, 2014 WL 241697
  (N.D. Okla. Jan. 22, 2014)............................................................ 14, 15

*Tomei v. Parkwest Med. Ctr.*, 24 F.4th 508 (6th Cir. 2022)....................................8

*Wood v. Midwest Perf. Pack, Inc.*, Case No. CIV-16-785-D, 2018 WL 1440980,
  (W.D. Okla. Mar. 22, 2018) ...............................................................14

## **Statutes**

Oklahoma Anti-Discrimination Act, 25 O.S. §§ 1101-1350 ..................... 1, 2, 7, 14

25 O.S. § 1350(F)...................................................................................14

28 U.S.C. § 1291 .....................................................................................1

28 U.S.C. § 1331 .....................................................................................1

28 U.S.C. 1367(a) ...................................................................................1

Age Discrimination in Employment Act, 29 U.S.C. § 623 .... 1, 5, 14, 15, 16, 17, 18

Rehabilitation Act of 1973, 29 U.S.C. § 794.............................. 2, 6, 7, 9, 10, 11, 13

Patient Protection and Affordable Care Act, 42 U.S.C. § 1800 et seq… 1, 2, 8, 9, 10

42 U.S.C. § 18116(a) ................................................................................8

Americans with Disabilities Act, 42, U.S.C. §§ 12101-12213.................................7

**Other**

Fed.R.Civ.P. 12(b)(6)...............................................................................5, 6

# GLOSSARY

"Plaintiff" or "Cline" refers to Charles Cline the Plaintiff/Appellant in this action.

"Clinical Perfusion," "Defendant," or "Employer" refers to Clinical Perfusion Systems, Inc. the Defendant/Appellee in this action.

"ACA" or "Affordable Care Act" means the Patient Protection and Affordable Care Act, 42 U.S.C. § 1800 *et seq.*

"ADEA" means the Age Discrimination in Employment Act, 29 U.S.C. § 623.

"App." means the one volume Appendix filed by Appellant on January 23, 2023, at Document: 010110802093.

"OADA" means the Oklahoma Anti-Discrimination Act, 25 O.S. §§ 1101-1350.

"Rehabilitation Act" means the Rehabilitation Act of 1973, 29 U.S.C. § 794.

## STATEMENT OF PRIOR OR RELATED APPEALS

There are no prior or related appeals.

## JURISDICTIONAL STATEMENT

Plaintiff-Appellant, Charles Cline ("Cline" or "Plaintiff") asserted his claims against Clinical Perfusion under the Rehabilitation Act of 1973 ("Rehabilitation Act"), the Oklahoma Anti-Discrimination Act ("OADA"), and the Patient Protection and Affordable Care Act ("ACA"). Therefore, the District Court had subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1367(a). The United States Court of Appeals for the Tenth Circuit has jurisdiction over this Appeal pursuant to 28 U.S.C. § 1291, since this appeal is from a judgment that disposes of all claims pending before the United States District Court for the Northern District of Oklahoma ("District Court").

## STATEMENT OF THE ISSUES

1.      Whether the District Court properly decided that Cline failed to state a plausible claim for disability discrimination when the only factual allegation concerning the expected duration of his medical condition was that Cline's condition was expected to last more than six (6) months, and the only accommodation available was leave for that time period.

2.      Whether the District Court properly decided that Cline failed to state a plausible claim for age discrimination under the OADA where Cline's Amended

Petition failed to allege any facts that age was the "but for" determining factor in the alleged discriminatory action.

## STATEMENT OF THE CASE

### I. PROCEDURAL HISTORY AND RULINGS PRESENTED FOR REVIEW.

Appellant – Plaintiff in this matter is a former employee of Clinical Perfusion and worked as a perfusionist. A perfusionist, as Plaintiff alleged, operates the cardiopulmonary bypass machine during surgeries. App. Vol. 1 at 7, ¶ 19.[1] Plaintiff filed his First Amended Complaint on July 28, 2022, and Plaintiff asserted claims against Clinical Perfusion for: (1) Violation of the Rehabilitation Act on the basis of disability, (2) Violation of the Oklahoma Anti-Discrimination Act ("OADA") for discrimination on the basis of disability and age, (3) Violation of the Affordable Care Act, and (4) Breach of Contract.[2] Clinical Perfusion moved to dismiss each of these causes of action on August 11, 2022. The District Court granted the Motion to Dismiss on October 28, 2022, finding that Cline failed to state plausible causes of

---

[1] All references to the record refer to Appellant's Appendix (Doc. 8) and include pinpoint cites to paragraph numbers where appropriate, in the following format: App. Vol. 1 at [page].

[2] Appellant does not appeal dismissal of his breach of contract claim against Clinical Perfusion, nor does he appeal the dismissal of the tortious interference and outrageous conduct claims asserted against Kevin Esau and Tyler McKeon individually. As such, there are no remaining claims pending against Esau and McKeon, who were each named personally as defendants by Cline in the District Court proceedings.

action under each claim asserted.  App. Vol. 1 at 128-150.  The District Court accordingly entered a Judgment of Dismissal the same day.  App. Vol. 1 at 151.

## II.    STATEMENT OF FACTS RELEVANT TO THE ISSUES SUBMITTED FOR REVIEW.

Plaintiff – Appellant alleged the following facts in his Amended Complaint pertinent to this appeal.  Cline is a former employee of Clinical Perfusion and worked as a perfusionist.  Perfusionists are licensed medical professionals that operate the cardiopulmonary bypass machine during cardiovascular surgeries to maintain blood flow to patient's tissues in order to regulate levels of oxygen and carbon dioxide in the blood.  App. Vol. 1 at 7, ¶ 19.  Kevin Esau and Tyler McKeon are individuals who own Clinical Perfusion.  App. Vol. 1 at 8, ¶ 20.  Plaintiff alleged he worked at Clinical Perfusion from 2017 until his employment was terminated on May 3, 2021.  App. Vol. 1 at 8-9, ¶¶ 21, 26.

Plaintiff alleged that he suffered hypotension on March 27, 2021, and lost consciousness while driving and stopped at a traffic light.  App. Vol. 1 at 8, ¶ 22.  Cline's Amended Complaint provides significant details about his medical condition following this event.  Emergency medical personnel responded to the scene and performed emergency care, which included intubating Cline.  *Id.* at 8, ¶ 23.

He then received treatment in the St. Francis Hospital ICU, during which time Plaintiff "was able to breathe only with the assistance of a ventilator."  App. Vol. 1 at 8-9, ¶¶ 23-24.  During the ICU stay, plaintiff also used a Foley catheter and had a

gastric feeding tube, and his kidneys became compromised, for which he underwent dialysis for approximately six weeks. *Id.* at 8-9, ¶ 24. Plaintiff alleged that he was "sedated and slept up to 20 hours a day." *Id.* Plaintiff "could not speak, eat, or care for himself." *Id.*

Plaintiff alleged that Mr. Esau and Mr. McKeon visited Plaintiff in the hospital, observed Plaintiff's condition, and spoke with Plaintiff's wife to learn about his condition. App. Vol. 1 at 9, ¶ 25. Plaintiff alleged that his wife was informed about the termination of Plaintiff's employment on May 3, 2021, and that Plaintiff's wife asked for Plaintiff's job to be held open until Plaintiff could recover. *Id.* at 9, ¶ 26. Mr. Esau and Mr. McKeon declined the request. *Id.* Importantly, Plaintiff alleged that, "[w]hen Employer made the decision to discharge Cline, the expected duration of the impairments was more than six (6) months." *Id.* at 12, ¶ 40.

Plaintiff was transferred to long term acute care also on May 3, 2021. App. Vol. 1 at 10, ¶ 27. Plaintiff alleged that he "remained unable to work or care for himself" at least through his stay in a long-term acute care facility and continued to receive extensive medical care during that time period. *Id.* at 10, ¶ 27. Plaintiff did not include any allegation regarding when he was able to work but alleged that he was released to return to work by his cardiologist on July 28, 2021. *Id.* at 10, ¶ 29.

## SUMMARY OF THE ARGUMENT

The District Court's Order granting Clinical Perfusion's Motion to Dismiss should be affirmed. Cline failed to plead plausible disability discrimination claims, since he did not allege that he was "otherwise qualified" to hold his perfusionist position. The sole factual allegation concerning the anticipated length of his impairment was that, at the time the decision to terminate Cline's employment was made, Cline's impairments were expected to last more than six months. There are no alternative facts pled in the Amended Complaint. Under Tenth Circuit precedent, Clinical Perfusion was not required to hold Cline's job open for that length of time. As such, Cline cannot state plausible disability discrimination claims.

Likewise, Cline failed to plead sufficient facts showing a plausible age discrimination claim. To plead a plausible age discrimination claim, a plaintiff must state facts that, if true, show age was the "but for" reason for the termination. Cline's threadbare factual allegations concerning his age discrimination claim fail to articulate that his age was the factor that "made the difference" in the decision to terminate his employment.

## ARGUMENT AND AUTHORITIES

### I. STANDARD OF REVIEW

This Court reviews *de novo* the granting of a Rule 12(b)(6) motion to dismiss. *Brokers' Choice of Am., Inc. v. NBC Universal, Inc.*, 757 F.3d 1125, 1135 (10th Cir. 2014). "The Court's function on a Rule 12(b)(6) motion is not to weigh potential

evidence that the parties might present at trial, but to assess whether the plaintiff's amended complaint alone is legally sufficient to state a claim for which relief may be granted." *Id.* Plaintiff bears the burden of pleading "enough facts to state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007). To demonstrate plausibility, Plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to survive a motion to dismiss. *Id.* "A complaint will survive dismissal only if it alleges a plausible claim for relief – that is, the factual allegations must be enough to raise a right to relief above the speculative level." *Dias v. City & Cnty. of Denver*, 567 F.3d 1169, 1178 (10th Cir. 2009). However, the Court need not accept as true those allegations that are conclusory in nature. *Erikson v. Pawnee Cnty. Bd. of Cnty. Comm'rs*, 263 F.3d 1151, 1154–55 (10th Cir. 2001). "[C]onclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1109–10 (10th Cir. 1991).

## II. CLINE FAILED TO PLEAD PLAUSIBLE DISABILITY DISCRIMINATION CLAIMS.

The Rehabilitation Act prohibits federally funded programs from discriminating against individuals on the basis of disability and adopts the

employment discrimination standards of the Americans with Disabilities Act. *Detterline v. Salazar*, 320 Fed. Appx. 853, 856 (10th Cir. 2009). Whether an employment discrimination claim is plausible is considered in light of the prima facie elements for a discrimination cause of action, and a plaintiff must allege facts that make such a claim plausible. *Morman v. Campbell County Mem'l Hosp.*, 632 Fed. Appx. 927, 933 (10th Cir. 2015). Thus, to evaluate whether Cline's Amended Complaint could survive Clinical Perfusion's Motion to Dismiss, the District Court properly examined the first step of the *McDonnell Douglas* framework – the elements Plaintiff would need to prove a prima facie case of disability discrimination. *Id.* To establish a prima facie case of discrimination under the Rehabilitation Act, Plaintiff must show that: (1) he is disabled as defined by the Act, (2) he would be "otherwise qualified" to participate in the program, (3) the program receives federal financial assistance, and (4) the program has discriminated against him. *Detterline*, 320 Fed. Appx. at 856. The same analysis governs whether a plaintiff has pled a claim for discrimination under the OADA. *Clark v. Okla. ex rel. Bd. of Regents of the Univ. of Okla.*, No. CIV-15-302-R, 2015 WL 4647798, at *2, n. 4 (W.D. Okla. Aug. 5, 2015). Plaintiff fails to state a disability claim under the OADA if Plaintiff fails to state a plausible cause of action under the Rehabilitation Act.

Likewise, Cline's disability discrimination claim asserted under the Affordable Care Act is subject to the same analysis. The ACA is a "comprehensive national plan to provide universal health insurance coverage." *Religious Sisters of Mercy v. Azar*, 513 F. Supp. 3d 1113, 1123 (D.N.D. 2021). One ACA provision prohibits discrimination and denial of benefits on the basis of race, color, national origin, sex, age, or disability "under any health program or activity, any part of which is receiving Federal financial assistance." 42 U.S.C. § 18116(a). "Section 1557 [of the ACA] adopts the enforcement mechanisms available under each incorporated statute." *Azar*, 513 F. Supp. 3d at 1123. Private individuals may sue to enforce the ACA's antidiscrimination statute. *Cummings v. Premier Rehab Keller, PLLC*, __ U.S. ____; 142 S. Ct. 1562, 1569-70; 212 L. Ed. 2d 552 (2022). Although Plaintiff alleges that "the ACA establishes a prohibition against workplace discrimination because of disability," claims under the ACA's nondiscrimination provision generally include factual allegations that patients were denied treatment on the basis of a protected classification (*see, e.g., Tomei v. Parkwest Med. Ctr.*, 24 F.4th 508 (6th Cir. 2022)) or that insurance providers wrongfully denied coverage based on a protected classification (*see, e.g., Fain v. Crouch*, 545 F. Supp. 3d 338 (S.D.W.V. 2021)). Indeed, the Department of Health and Human Services' Final Rule on the ACA nondiscrimination provision provides "limited coverage of employment discrimination" limited to prohibiting "an employer that receives Federal financial

assistance that is principally engaged in providing health care or health coverage, such as a hospital or nursing home, from discriminating in employee health benefits."[3] Thus, the existence of an employment discrimination cause of action under the ACA has not clearly been decided.

However, assuming such a claim exists, Plaintiff's third cause of action should be dismissed for the same reasons articulated above with respect to Plaintiff's Rehabilitation Act claim. Courts, including the District Court in this matter, properly look to the substantive analytical framework of the Rehabilitation Act to determine if a plaintiff has stated a plausible claim of disability discrimination under the ACA. *Francois v. Our Lady of the Lake Hospital, Inc.*, 8 F.4th 370, 378 (5th Cir. 2021) (stating that "for disability-discrimination claims, the ACA incorporates the substantive analytical framework of the Rehabilitation Act"); *Doe v. BlueCross BlueShield of Tennessee, Inc.*, 926 F.3d 235 (6th Cir. 2019); *Encisco v. Presbyterian Healthcare Servs.*, Civ. No. 21-323 JCH/JFR, 2021 WL 3206977, at *5-9 (D.N.M. July 29, 2021) (applying prima facie elements of Rehabilitation Act claim to determine whether plaintiff had stated cause of action under ACA); *see also Encisco v. Presbyterian Healthcare Servs.,* Civ. No. 21-323 JCH/JFR, 2021 WL 3772178

---

[3] Section 1557, Frequently Asked Questions, FAQ #17, Department of Health and Human Services, available at <https://www.hhs.gov/civil-rights/for-individuals/section-1557/1557faqs/index.html#:~:text=The%20final%20rule%20provides%20limited,discriminating%20in%20employee%20health%20benefits>.

(D.N.M. Aug. 25, 2021) (adopting magistrate judge's proposed findings and recommendations). Since Plaintiff did not allege facts sufficient to state a plausible claim for relief under the Rehabilitation Act, Plaintiff's third claim for relief under the Affordable Care Act was properly dismissed by the District Court.

In this case, Plaintiff has failed to allege sufficient facts to plausibly meet the second element, that he was "otherwise qualified." "One way a disabled plaintiff can establish a claim for discrimination in the workplace is by showing that [he] is qualified for [his] job; that [he] can perform the job's essential functions with a reasonable accommodation for [his] disability; and that [his] employer failed to provide a reasonable accommodation despite [his] request for one." *Hwang v. Kansas State Univ.*, 753 F.3d 1159, 1161 (10th Cir. 2014). The District Court correctly relied on *Hwang* in dismissing Plaintiff's disability discrimination claim. In *Hwang*, this Court found that the plaintiff's complaint failed to satisfy her elemental obligation that she could perform the essential functions of her job even with an accommodation. By the plaintiff's own admission, she could not work as an assistant professor for a period of more than six months. *Id.* at 1161. Justice Gorsuch observed, "It perhaps goes without saying that an employee who isn't capable of working for so long isn't an employee capable of performing a job's essential functions—and that requiring an employer to keep a job open for so long doesn't qualify as a reasonable accommodation. After all, reasonable

accommodations—typically things like adding ramps or allowing more flexible working hours—are all about enabling employees to work, not to not work." *Id.* at 1161-62. Further, this Court noted, "it's difficult to conceive how an employee's absence for six months—an absence in which she could not work from home, part-time, or in any way in any place—could be consistent with discharging the essential functions of most any job in the national economy today. Even if it were, it is difficult to conceive when requiring so much latitude from an employer might qualify as a *reasonable* accommodation." *Id.* at 1162. The purpose of the Rehabilitation Act is to prevent employer from "callously denying reasonable accommodations," not to turn employers into "safety net providers for those who cannot work." *Id.* (concluding that "holding onto a non-performing employee for six months just isn't something the Rehabilitation Act ordinarily compels"). Ultimately, this Court concluded that the plaintiff's disability claim could not escape a motion to dismiss.

Cline included in his Amended Complaint only a conclusory recital that "[h]e was 'otherwise qualified,' in that he was able to perform the essential job functions of a perfusionist, initially with reasonable accommodation and later without any accommodation." App. Vol. 1 at 6, ¶ 36. However, this conclusory assertion is totally at odds with the factual allegations in the Amended Complaint. Plaintiff alleged that he suffered hypotension on March 27, 2021, and lost consciousness

while stopped at a traffic light. *Id.* at 3, ¶ 22. He then received treatment in the St. Francis ICU, during which time Plaintiff "was able to breathe only with the assistance of a ventilator." *Id.* at 3, ¶¶ 23-24. During the ICU stay, Plaintiff alleged that he was "sedated and slept up to 20 hours a day." *Id.* at 3, ¶ 24. Plaintiff "could not speak, eat, or care for himself." *Id.* Plaintiff alleged that he "remained unable to work or care for himself" at least through his stay in a long-term acute care facility. *Id.* at 5, ¶ 27. Plaintiff did not include any allegation regarding when he was able to work, but states that he was released to return to work on July 28, 2021, by his cardiologist. *Id.* at 5, ¶ 29. Plaintiff's specific factual allegations are inconsistent with his conclusory assertion that he was able to perform the essential job functions without an accommodation.

Plaintiff did not allege that he requested any accommodation from Clinical Perfusion, but instead alleged that his wife, asked Esau and McKeon whether Clinical Perfusion would agree to hold Plaintiff's job open until he recovered when she was informed that Plaintiff's employment was being terminated on May 3, 2021. [*Id.* at ¶ 26] Plaintiff further alleged that "[w]hen Employer made the decision to discharge Cline, the expected duration of the impairments was more than six (6) months." [*Id.* at ¶ 40 (emphasis added)] As such, at the time the request to hold Plaintiff's job open was made, Cline's request for an accommodation was that he be given an indefinite leave of more than six months. Plaintiff did not allege that he

ever requested any other accommodation from Clinical Perfusion. Plaintiff admitted the only accommodation available to Clinical Perfusion was "granting Cline paid or unpaid leave for a reasonable period of time and forbearance of termination during the period." [*Id.* at ¶ 42] However, as recognized in *Hwang*, "holding onto a non-performing employee for six months just isn't something the Rehabilitation Act ordinarily compels," and a six month or indefinite leave is not a reasonable accommodation, particularly when an employee cannot advise when and under what conditions he could return to any work. *See also Boykin v. ATC/VanCom of Colorado, L.P.*, 247 F.3d 1061, 1065 (10th Cir. 2001) (noting that six months leave is beyond a "reasonable amount of time").

On appeal, Cline attempts to downplay the gravity of his allegation that the expected duration of his impairments was more than six months at the time the termination decision was made by arguing that he was pleading an alternative fact. But the Amended Complaint contains no other *factual* allegations about the expected duration of Cline's impairments. Cline's allegation is not an alternative allegation. It is the only allegation as to the expected duration of his medical impairments. Cline's allegation that he could have been accommodated by receiving leave for a reasonable period of time is just a conclusory legal assertion concerning one of the elements of his prima facie case. The allegation contains no facts to support that conclusion, nor are there any facts supporting Cline's conclusory assertion that

Clinical Perfusion erroneously believed that Cline's employment would be protracted or permanent. The expected duration of Cline's medical impairments was within Cline's knowledge, and Cline included no alternative factual allegations concerning the expected length of his impairments in his Amended Complaint. The cases cited by Cline are distinguishable, as in those cases, the information pleaded in the alternative was not within the plaintiffs' knowledge. However, in this case, the anticipated duration of Cline's medical impairments is a fact that was known by Cline. In any event, the cases are inapplicable since there were no alternative factual allegations concerning the duration of Cline's medical impairments in the Amended Complaint. The District Court did not err by determining that the accommodation requested was unreasonable at the time it was made.

### III. THE DISTRICT COURT DID NOT ERR IN DISMISSING CLINE'S OADA AGE DISCRIMINATION CLAIM.

Plaintiff alleged age discrimination under the Oklahoma Anti-Discrimination Act as his Second Claim in his Amended Complaint. The OADA is coextensive with the Age Discrimination in Employment Act ("ADEA"), since by statute, a defending party may allege any defense that is available under the ADEA. *Bennett v. Windstream Commc'n, Inc.*, 792 F.3d 1261, 1269 (10th Cir. 2015) (citing 25 O.S. § 1350(F)). The legal analysis for Plaintiff's OADA claim is the same as a claim asserted under the ADEA. *Wood v. Midwest Perf. Pack, Inc.*, Case No. CIV-16-785-D, 2018 WL 1440980, at *3 (W.D. Okla. Mar. 22, 2018); *Taber v. City of Sand*

*Springs*, No. 12-CV-0666-CVE-TLW, 2014 WL 241697, at *7 (N.D. Okla. Jan. 22, 2014) (citing *LeFlore v. Flint Indus., Inc.*, No. 98-5024, 1999 WL 89281, at *3, n.4 (10th Cir. Feb. 23, 1999)). To state a prima facie case of age discrimination, a plaintiff must show: (1) he is a member of the class protected, (2) he suffered an adverse employment action, (3) he was qualified for the position at issue, and (4) he was treated less favorably than others not in the protected class. *Jones v. Okla. City Pub. Schools*, 617 F.3d 1273, 1279 (10th Cir. 2010).

In *Branum v. Orscheln Farm & Home, LLC*, the Eastern District of Oklahoma considered allegations in an amended complaint alleging age discrimination. Case No. CIV-18-281-KEW, 2020 WL 1917334, at *3 (E.D. Okla. Apr. 20, 2020). In that case, the plaintiff alleged she was a member of the protected class based on age (over 40), she was terminated, and was allegedly replaced by a younger individual. *Id.* The court found that the amended complaint "lacks the factual support to show that Plaintiff's age was the 'but-for' cause of her termination." *Id.* Specifically, the facts alleged did not demonstrate that "age was the factor that made a difference" in the defendant's employment decision. *Id.* (citing *Jones v. Oklahoma City Pub. Sch.*, 617 F.3d 1273, 1277-78 (10th Cir. 2010) and *Barone v. S&N Auerbach Mgmt., Inc.*, 645 Fed. Appx. 13, 14 (2d Cir. 2016) (considering a motion for judgment on the pleadings and finding that "while an ADEA plaintiff need not plead every element of a prima facie case to survive a motion to dismiss (or for judgment on the

pleadings), the plaintiff must allege facts to plausibly suggest that (1) his employer took an adverse action against him and (2) age was the "but for" cause of that adverse action.")). The court also found the plaintiff failed to allege any nexus between her age and the alleged adverse action taken against her.

In this case, Plaintiff's allegations are insufficient to state a plausible age discrimination claim. The factual allegations in Plaintiff's Amended Complaint primarily address Plaintiff's physical condition, and Plaintiff's factual allegations supporting his age discrimination claim are threadbare. Plaintiff alleged that he was sixty-one (61) years old at the time the decision was made to terminate his employment. App. Vol. 1 at 16, ¶ 57. Plaintiff alleged that Clinical Perfusion had either recently hired or was in the process of hiring two (2) individuals as perfusionists, who Plaintiff believes were "far younger" than him and who were less qualified and less experienced than him. *Id.* at 16, ¶ 58. Plaintiff alleged that Clinical Perfusion "replaced" him with "one or both" of these perfusionists. *Id.* at 16, ¶ 59. Plaintiff "denies" that Clinical Perfusion needed to terminate one of its employees due to its financial condition. *Id.* at 17, ¶ 60.

On appeal, Cline's argument that the District Court "create[ed] an impression" that Cline's age discrimination claim was foreclosed by the disability discrimination claim goes too far. The District Court's Opinion and Order simply reflects that the factual allegations in Cline's Amended Complaint are primarily directed at Cline's

disability discrimination claim, not an age discrimination claim. By stating that the "facts in the amended complaint allege that plaintiff was terminated because of his inability to perform his duties as a perfusionist due to his disability," the District Court was simply noting that there are no allegations that age played any part in the decision to terminate Cline's employment, much less that age was the "but for" reason for Cline's termination. Indeed, the Court concluded, "The Court finds that plaintiff has not alleged a plausible claim of age discrimination, because the facts alleged do not create an inference that age was a but-for factor in the decision to terminate his employment." App. Vol. 1 at 141. Cline is unable on appeal to point to any other facts in the Amended Complaint that would alter that conclusion. As the District Court found, the gravamen of Cline's issue with his termination is the premise for his disability claim. Cline admits on appeal he has limited factual allegations that age played any role in the decision to terminate his employment. Appellant's Opening Brief at 22. As such, the District Court correctly found that Plaintiff's Amended Complaint lacks any factual allegations that age was the "but-for" cause of Plaintiff's termination. Cline's allegations do not raise the claim beyond a "speculative" level.

The District Court also properly found that Cline failed to plead any facts showing a nexus or causal connection between his age and the termination of his employment. Cline failed to plead any factual basis for his conclusory assertion that

his termination was falsely attributed to Clinical Perfusion's financial condition. In *Miller v. Eby Realty Group, LLC*, relied on by Cline, the plaintiff pointed to inconsistent reasons for the termination provided by the employer as evidence of pretext. 396 F.3d 1105, 1112. In this matter, Cline failed to describe any facts showing inconsistent or untrue reasons given for his termination. In *Stroup v. United Airlines Inc.*, this Court refused to re-assess credibility decisions made by a jury concerning an employer's stated reasons for an employee's termination. 26 F.4th 1147, 1161-62 (10th Cir. 2022). *Stroup* is inapplicable in determining whether Cline included any facts in his Amended Complaint establishing a nexus between his age and the termination of his employment. As the District Court recognized, Cline must allege factual details that support an inference that age was a factor that contributed to the decision to terminate him; however, "[n]othing in plaintiff's amended complaint satisfies the requirement or demonstrates the causal connection between plaintiff's age and his termination." App. Vol. 1 at 141. Cline's age discrimination claim was therefore properly dismissed because Cline failed to plead any facts showing that age was a "but for" factor in his termination and because Cline failed to allege facts showing a causal connection between his age and his termination.

## **CONCLUSION**

For the reasons set forth herein, Clinical Perfusion respectfully requests that this Court affirm the District Court's Opinion and Order and Judgment of Dismissal with respect to Cline's Amended Complaint.

Respectfully submitted,

s/ *R. Tom Hillis*
R. Tom Hillis, OBA #12338
J. Miles McFadden, OBA #30166
**TITUS HILLIS REYNOLDS LOVE**
15 East Fifth Street, Suite 3700
Tulsa, Oklahoma 74103
(918) 587-6800  Fax:  (918) 587-6822
thillis@titushillis.com
jmcfadden@titushillis.com

*ATTORNEYS FOR DEFENDANT-APPELLEE,*
*CLINICAL PERFUSION SYSTEMS, INC.*

# CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMIT

This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because this brief contains 4,413 words excluding items exempted by Fed. R. App. P. 32(f).

This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in a proportionally spaced typeface using Microsoft Word in size 14 font Times New Roman.

s/ *R. Tom Hillis*
Attorney for Defendant/Appellee

## CERTIFICATE OF SERVICE

I hereby certify that on February 22, 2023, I electronically filed the foregoing using the Court's CM/ECF system which will send notification of such filing to the following:

Donald M. Bingham
RIGGS ABNEY NEAL TURPEN ORBISON & LEWIS
502 W. 6th St.
Tulsa, OK 74119
don_bingham@riggsabney.com

s/ *R. Tom Hillis*
R. Tom Hillis