CASE NO. 22-5107

IN THE UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

| | |
|---|---|
| CHARLES CLINE, | ) |
| | ) |
| Plaintiff - Appellant, | ) |
| | ) |
| v. | ) |
| | ) |
| CLINICAL PERFUSION | ) |
| SYSTEMS, INC., | ) |
| | ) |
| Defendant – Appellee. | ) |

---

On Appeal from the United States District Court
For the Northern District of Oklahoma
The Honorable Judge Claire V. Eagan
D. C. No. 4:22-cv-00314-CVE-CDL

---

**APPELLANT'S REPLY BRIEF**

---

Donald M. Bingham, OBA #794
RIGGS, ABNEY, NEAL, TURPEN,
ORBISON & LEWIS
502 W. 6th St.
Tulsa, OK 74119
Telephone: (918) 587-3161
Facsimile: (918) 587-9708
don_bingham@riggsabney.com
ATTORNEY FOR PLAINTIFF –
APPELLANT

Date: March 15, 2023

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................ ii-iv

GLOSSARY ......................................................................................................... v

APPELLANT'S CONVENTION FOR CITATIONS TO HIS APPENDIX .......... vi

I.     Cline plausibly pleads that affording him leave of fewer than
six months was available as a reasonable alternative to termination .............. 1

II.    Cline alleges facts sufficient to support a finding that his
age was the but-for determining factor in Employer's decision
to terminate him ............................................................................................. 7

Conclusion .......................................................................................................... 11

# TABLE OF AUTHORITIES

## Cases

Acosta v. Jani-King of Oklahoma, Inc.,
    905 F.3d 1156, 1161 (10th Cir. 2018) ............................................................8

Adamson v. Multi Community Diversified Services, Inc.,
    514 F.3d 1136, 1146 (10th Cir. 2008) ............................................................9

Arnold & Associates, Inc. v. Misys Healthcare Systems,
    275 F. Supp. 2d 1013, 1029 (D. Ariz. 2003) ..................................................6

Bennett v. Windstream Communications, Inc.,
    792 F.3d 1261, 1266 (10th Cir. 2015) ..........................................................11

Boykin v. ATC/VANCOM of Colorado, L.P.,
    247 F.3d 1061, 1065 (10th Cir. 2001) ............................................................4

Brandt Indus., LTD. v. Pitonyak Mach. Corp.,
    2012 U.S. Dist. LEXIS 137034, * 8-9 (S.D. Ind. September 24, 2012) .........6

Florey Institute of Neuroscience & Mental Health v.
    Kleiner Perkins Caufield & Byers,
    2013 U.S. Dist. LEXIS 138904, * 24 (N.D. Cal. September 26, 2013)..........6

Forge v. Sisters of Charity of Leavenworth,
    2019 U.S. Dist. LEXIS 152016, * 24 (D. Kan. September 6, 2019) ..............5

Gross v. FBL Financial Services, Inc.,
    557 U.S. 167 (2009).....................................................................................10

Hwang v. Kansas State University,
    753 F.3d 1159, 1162-1163 (10th Cir. 2014)....................................................4

Indiana Public Retirement System v. Pluralsight, Inc.,
    45 F.4th 1236, 1267 (10th Cir. 2022)..............................................................8

Iselin v. Bama Companies,
    690 Fed. Appx. 593, 597 (10th Cir. 2017) ......................................................6

Jones v. Oklahoma City Public Schools,
    617 F.3d 1273, 1278, 1279 (10th Cir. 2010) ..............................................9, 10

Khalik v. United Airlines,
    671 F.3d 1188, 1191, 1192 (10th Cir. 2012) ..............................................3, 12

MacDonald v. Eastern Wyoming Mental Health Center,
    941 F.2d 1115, 1119, 1121 (10th Cir. 1991) ..................................................8

Mannon v. Colorado,
    841 Fed. Appx. 61, 71 (10th Cir. 2020) ........................................................4

Miller v. Eby Realty Group, LLC,
    396 F.3d 1105, 1113-1114 (10th Cir. 2005)..................................................10

Mueggenborg v. Nortek Air Solutions, LLC,
    2021 U.S. App. LEXIS 30860, * 5 (10th Cir. Oct. 15, 2021) (unpublished)..8

Perry v. Woodward,
    199 F.3d 1126, 1138 (10th Cir. 1999) ..........................................................11

Punt v. Kelly Services,
    862 F.3d 1040, 1051 (10th Cir. 2017) ............................................................2

Robert v. Bd. of County Commissioners of Brown County,
    691 F.3d 1211, 1218 (10th Cir. 2012) ............................................................4

Slate Printing Co. v. Metro Envelope Co.,
    532 F. Supp. 431, 436 (N.D. Ill. 1982)............................................................6

Sorbo v. United Parcel Services,
    432 F.3d 1169, 1173 (10th Cir. 2005) ..........................................................11

Soule v. Hilton Worldwide, Inc.,
    1 F. Supp. 3d 1084, 1103 (D. Haw. 2014)......................................................6

St. Mary's Honor Center v. Hicks,
    509 U.S. 502, 511 (1993) ...............................................................................9

<u>Stroup v. United Airlines, Inc.</u>,
    26 F.4th 1147, 1162-1164 (10th Cir. 2022).....................................................9

<u>Summers v. Altarum Institute Corp.</u>,
    740 F.3d 325, 331 n. 4 (4th Cir. 2014) ........................................................2

<u>US Airways, Inc. v. Barnett</u>,
    535 U.S. 391 (2002)......................................................................................3

## Rules

Fed.R.Civ.P. 8 ...............................................................................................6, 12

Fed.R.Civ.P. 12(b)(6).......................................................................................12

## Statutes

25 O.S. §§ 1101-1350 ...................................................................................v, 1, 7

29 U.S.C. § 623 ...................................................................................v, 8, 9, 10, 11

29 U.S.C. § 794 ...................................................................................v, 1, 3, 5

42 U.S.C. § 1800 .............................................................................................v, 1

42 U.S.C. § 1983 .................................................................................................8

42 U.S.C. §§ 12101 – 12213.......................................................................v, 3, 5, 6

## Other

2 Moore's Federal Practice – Civil - § 8.09.............................................................12

D'Andra Millsap Shu,
    <u>Article: The Coming Causation Revolution in Employment</u>
    <u>Discrimination Litigation</u>,
    43 Cardozo L. Rev. 1807, 1830-1831 (June, 2022) ......................................10

# GLOSSARY

"ACA" or "Affordable Care Act" means the Patient Protection and Affordable Care Act, 42 U.S.C. § 1800 *et seq.*

"ADA" means the Americans with Disabilities Act,
   42 U.S.C. §§ 12101 – 12213.

"ADEA" means the Age Discrimination in Employment Act, 29 U.S.C. § 623.

"App." means Charles Cline's Appendix. His Appendix has only one volume.

"OADA" means the Oklahoma Anti-Discrimination Act, 25 O.S. §§ 1101-1350.

"Rehabilitation Act" means the Rehabilitation Act of 1973, 29 U.S.C. § 794.

# APPELLANT'S CONVENTION FOR CITATIONS TO HIS APPENDIX

In this brief, "App." is Cline's reference to his Appendix, which consists of only one volume. References in this brief to page numbers (*e.g.* "App. at 24") refer to page-numbers assigned by Appellant's counsel to consecutive pages of the Appendix (except cover page, table of contents, state of prior or related appeals, and glossary). These assigned numbers appear in the lower right-hand corner of each numbered page. Paragraph symbols appearing in this brief refer to numbered paragraphs of the first amended complaint ("the amended complaint"). App. at 6-27. The Opinion and Order entered by the district court is App. at 128-150.

# APPELLANT'S REPLY BRIEF

## I. Cline plausibly pleads that affording him leave of fewer than six months was available as a reasonable alternative to termination.[1]

The amended complaint alleges generally that from March 27, 2021, until July 28, 2021, a period of four months, Cline lacked the capacity to work. App. at 8 ¶ 22, App. at 10 ¶ 29. On July 28, 2021, he was released to return to work as a perfusionist on a full-time basis without restriction. App. at 10 ¶ 29. Shortly after being released, Cline asked Employer for reinstatement without accommodation, and offered to work at a lesser position. App. at 10 ¶ 30.

Employer contends that the amended complaint fails to state a plausible claim for disability-discrimination because "the only factual allegation concerning the expected duration of his medical condition was expected to last more than six months, and the only accommodation available was leave for that time period." Statement of the Issues, Appellee's Response Brief, ECF p. 8. Employer argues that this is the "only" factual allegation about the expected duration of the leave because Cline's allegation that "a reasonable period of leave" was available as an accommodation is not accompanied by the phrase "not to exceed six months."

---

[1] Employer discusses the applicability *vel non* of the Affordable Care Act, but does not question that Cline has properly invoked the Rehabilitation Act and the disability-discrimination provisions of the OADA.

Employer's argument on this point ignores the district court's recognition that in pleading disability-discrimination, the amended complaint alleges contradictory facts on the issue of how much leave would have been required in order for Cline to resume working. App. at 137 n. 4 ("While plaintiff may plead alternative legal theories, he may not plead alternative sets of facts."). The district court was correct in concluding that as to the anticipated duration of his inability to work, Cline pleads conflicting facts and pleads them in the alternative.

Employer argues that Cline's allegation, "A reasonable accommodation was available to Employer," App. at 12 ¶ 42, is conclusory. Even so, that allegation should not be viewed without considering the factual allegations that follow it. In order to state a plausible claim, Cline was required to allege <u>what</u> reasonable accommodation existed and he did so: "[g]ranting Cline paid or unpaid leave for a reasonable period of time and forbearance of termination during the period." App. at 12-13 ¶ 42.[2]

---

[2] Although Cline's wife, Nicole Pardini, asked Employer to keep his job open "until he recovered," App. at 9 ¶ 26, open-ended leave is not the accommodation that Cline alleges he was entitled to receive (*i.e.* leave for up to six months). Ms. Pardini's request for unlimited leave would ordinarily have triggered Employer's obligation to engage in the interactive process. "It is well settled" that a request for accommodation, even one that seems unreasonable when made, "<u>may lead to</u> a 'reasonable' accommodation." <u>Punt v. Kelly Services</u>, 862 F.3d 1040, 1051 (10th Cir. 2017) (emphasis added); <u>Summers v. Altarum Institute Corp.</u>, 740 F.3d 325, 331 n. 4 (4th Cir. 2014) ("[A]n employee's accommodation request, even an unreasonable one, typically triggers an employer's duty to engage in an 'interactive process' to arrive at a suitable accommodation."). In the case at bar, Ms. Pardini's

At the pleading stage, expressly quantifying the duration of "leave for a reasonable period" is not required. "<u>Twombly</u> and <u>Iqbal</u> do not require that the complaint include all facts necessary to carry the plaintiff's burden." <u>Khalik v. United Airlines</u>, 671 F.3d 1188, 1192 (10th Cir. 2012) (citation omitted). More importantly, adding the phrase "fewer than six months" is unnecessary in order to plead leave as a reasonable accommodation. It has long been established in this circuit that "leave for a reasonable period of time" means "leave for a period of no more than six months."

On March 1, 1999, the EEOC issued a policy statement entitled "Enforcement Guidance on Reasonable Accommodation and Undue Hardship under the Americans with Disabilities Act." In October of 2002, the EEOC issued a revised Enforcement Guidance. Most of the original Guidance remained the same, but limited changes were made by the EEOC as a result of (1) the Supreme Court's decision in <u>US Airways, Inc. v. Barnett</u>, 535 U.S. 391 (2002), and (2) the Commission's issuance of new regulations under section 501 of the Rehabilitation Act. The 1999 Enforcement Guidance suggested that six months is beyond a "reasonable amount of time." <u>Id</u>. at 21. The 2002 version of the Enforcement Guidance retained that language. In 2001, this court cited the 1999 version of the Enforcement Guidance

_____

request was moot, because Employer had already announced its decision. App. at 9 ¶ 26.

that "six months is beyond a 'reasonable period of time'." <u>Boykin v. ATC/VANCOM of Colorado, L.P.</u>, 247 F.3d 1061, 1065 (10th Cir. 2001).

In 2012, this court stated, "Although this court has not specified how near that future must be, the Eighth Circuit ruled in an analogous case that a six-month leave request was too long to be a reasonable accommodation." <u>Robert v. Bd. of County Commissioners of Brown County</u>, 691 F.3d 1211, 1218 (10th Cir. 2012) (citation omitted). In 2014, this court cited <u>Boykin</u>, <u>Robert</u>, and the 2002 version of the Enforcement Guidance in holding again that a period of leave exceeding six months is not a reasonable accommodation. <u>Hwang v. Kansas State University</u>, 753 F.3d 1159, 1162-1163 (10th Cir. 2014). The six-months end point was so well established by 2014 that this court stated, "<u>It perhaps goes without saying</u> that an employee who isn't capable of working for so long [a period spanning more than six months] isn't an employee capable of performing a job's essential functions – and that requiring an employer to keep a job open for so long doesn't qualify as a reasonable accommodation." <u>Id.</u> at 1161 (emphasis added). Two years before Cline commenced the instant action, this court, citing <u>Hwang</u>, again rejected as unreasonable a plaintiff's request that he be granted leave for "[m]ore than six months." <u>Mannon v. Colorado</u>, 841 Fed. Appx. 61, 71 (10th Cir. 2020).

District courts in this circuit have correctly read <u>Hwang</u> as affirming a virtual bright line of six months as the maximum amount of leave that can be considered

"reasonable" under the ADA and the Rehabilitation Act. *See, e.g.*, <u>Forge v. Sisters of Charity of Leavenworth</u>, 2019 U.S. Dist. LEXIS 152016, * 24 (D. Kan. September 6, 2019) (stating that "six months of leave is generally the tipping point" and citing two district court opinions holding that a request for leave extending more than six months "is per se unreasonable").

In the case at bar, the district court acknowledged this well-established "tipping point." App. at 137 ("According to the Tenth Circuit, six months of leave is not a reasonable accommodation <u>per se</u>."). The district court noted that Cline's allegation that leave "for a reasonable period of time" was available to Employer as a reasonable accommodation contradicts his allegation that the expected duration of his inability to work exceeded six months. In finding these incompatible allegations to be "inconsistent sets of facts," the district court reflected its correct understanding that in this circuit, "leave for a reasonable period of time" means "leave not to exceed six months."

The district court correctly read the amended complaint to allege that if Cline had been granted leave, he could have resumed working within six months and, to the contrary, that the expected duration of his impairment exceeded six months. The district court recognized the tension between these contradictory allegations about

the amount of leave that would have been necessary to accommodate Cline, and

rejected his pleading of these inconsistent sets of facts alternatively.[3]

Employer insists that adding the phrase "lasting fewer than six months" was

necessary to make plausible Cline's allegation that "leave for a reasonable period of

time" would have enabled him to resume working. An ADA plaintiff, however, is

not required to set forth a *prima facie* case for each element of her claim in order to

defeat a motion to dismiss. Iselin v. Bama Companies, 690 Fed. Appx. 593, 597

(10th Cir. 2017). In the case at bar, the district court got it right in recognizing that,

although Cline did not expressly allege "fewer than six months," the amended

---

[3] Although Cline expressly states that the availability of leave as a reasonable accommodation is presented "[i]n the alternative" (¶ 42), alternative pleading under Rule 8 does not require the pleader to use the phrase "in the alternative." *See* Soule v. Hilton Worldwide, Inc., 1 F. Supp. 3d 1084, 1103 (D. Haw. 2014) ("Indeed, Rule 8(d) allows a plaintiff to plead in the alternative, and contrary to [Defendant's] assertions, there is no requirement that Plaintiff invoke the magic words 'in the alternative' in making alternative claims."); Florey Institute of Neuroscience & Mental Health v. Kleiner Perkins Caufield & Byers, 2013 U.S. Dist. LEXIS 138904, * 24 (N.D. Cal. September 26, 2013) ("Plaintiff need not use the magic word 'alternatively' to indicate that its claim was made in the alternative."); Arnold & Associates, Inc. v. Misys Healthcare Systems, 275 F. Supp. 2d 1013, 1029 (D. Ariz. 2003) ([T]here are no requirements to include the magic words 'in the alternative' in making alternative claims."); Brandt Indus., LTD. v. Pitonyak Mach. Corp., 2012 U.S. Dist. LEXIS 137034, * 8-9 (S.D. Ind. September 24, 2012) ("While Brandt Industries did not say the words such as 'in the alternative' or 'even if,' magic words are not required to take advantage of utilizing Rule 8 of the Federal Rules of Civil Procedure, which specifically authorizes alternative, hypothetical and/or inconsistent pleading."); Slate Printing Co. v. Metro Envelope Co., 532 F. Supp. 431, 436 (N.D. Ill. 1982) ("And there is no magic, as Metro would have it, in a party's having to label its inconsistent pleadings alternative or hypothetical to invoke the principle underlying the Rule.").

petition alleges "inconsistent sets of facts" on whether leave under six months could have enabled him to return to work.

## II. Cline alleges facts sufficient to support a finding that his age was the but-for determining factor in Employer's decision to terminate him.

Employer argues that Cline has failed to state a plausible claim for age-discrimination under the OADA because "Cline's Amended Petition [*sic*] failed to allege any facts that age was the 'but-for' determining factor in the alleged discriminatory action." Statement of the Issues, Appellee's Response Brief, ECF pp. 8-9. Employer contends that Cline's age-related factual allegations are "threadbare" and do not raise his claim "beyond a 'speculative' level." Appellee's Response Brief, ECF pp. 23, 24.

The amended complaint alleges facts that are sufficient to support a finding that the "but-for" determining factor in Employer's decision was Cline's age. Cline alleges that at time of termination (1) he was sixty-one years old, App. at 16 ¶ 57, (2) he had been an exemplary employee for several years, App. at 8 ¶ 21, (3) he was replaced as a perfusionist by much younger, much less qualified and much less experienced individuals, App. at 16 ¶¶ 58-59, (4) even when he recovered and was able to work without restriction, Employer retained the two individuals and denied his request for reinstatement, App. at 10 ¶¶ 29-30, App. at 16 ¶ 57, App. at 17 ¶ 60, App. at 14 ¶ 49, (5) he was the only individual terminated by Employer in 2021,

App. at 10 ¶ 31, and (6) Employer gave his wife, Nicole Pardini, a false reason for terminating him. App. at 9 ¶ 26.

The amended complaint alleges that Cline's age was "the sole factor, the primary factor, the determinative or determining factor, or a significant motivating factor in making [Employer's] decision to terminate Cline and its decision not to reinstate or rehire him…." App. at 16 ¶ 57 (emphasis added). Circumstantial evidence is sufficient to establish causation. MacDonald v. Eastern Wyoming Mental Health Center, 941 F.2d 1115, 1119, 1121 (10th Cir. 1991) (ADEA and 42 U.S.C. § 1983); Mueggenborg v. Nortek Air Solutions, LLC, 2021 U.S. App. LEXIS 30860, * 5 (10th Cir. Oct. 15, 2021) (unpublished) (ADEA).

Courts consider a complaint in its entirety. Indiana Public Retirement System v. Pluralsight, Inc., 45 F.4th 1236, 1267 (10th Cir. 2022). Asking for plausible grounds to infer the existence of a particular fact does not impose a probability requirement at the pleading state; it simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the fact. Acosta v. Jani-King of Oklahoma, Inc., 905 F.3d 1156, 1161 (10th Cir. 2018). Requiring a plaintiff to know all of the exact details of his claim is "one small step shy of requiring production of actual documentation with the complaint, a level of proof not demanded to win at trial and significantly more than any federal pleading rule contemplates." Id. (citation omitted).

The elements of a *prima facie* age-discrimination case "are neither rigid nor mechanistic." Adamson v. Multi Community Diversified Services, Inc., 514 F.3d 1136, 1146 (10th Cir. 2008). In alleging that he was far better qualified and far more experienced than the much younger perfusionists who were hired and retained by Employer, Cline has alleged that he was "treated less favorably than others not in the protected class," and that he was terminated "under circumstances giving rise to an inference of discrimination." Jones v. Oklahoma City Public Schools, 617 F.3d 1273, 1279 (10th Cir. 2010).

Employer discounts Cline's allegation that it lied to his wife about the reason for its termination decision. Other factual allegations support Cline's claim that Employer gave Ms. Pardini a false explanation. The reason proffered by Employer (*i.e.* its financial condition) is called into question by the allegations that only Cline was terminated in 2021 and that in the same year, two new perfusionists were hired and retained. The factfinder's disbelief of the reasons put forth by an employer (particularly if disbelief is accompanied by a suspicion of mendacity) may, together with the elements of the *prima facie* case, suffice to show intentional discrimination. St. Mary's Honor Center v. Hicks, 509 U.S. 502, 511 (1993).[4]

_____

[4] Under the ADEA, evidence that the employer offered a false reason for its adverse employment action not only supports a *prima facie* case submissible to the jury but also supports the imposition of statutory penalties for willful violations of the ADEA. Stroup v. United Airlines, Inc., 26 F.4th 1147, 1162-1164 (10th Cir. 2022).

An employer is in the best position to explain its actions, and when it chooses to lie about its reasons for terminating an employee it runs the risk that the lie will lead the jury to draw an adverse inference. <u>Miller v. Eby Realty Group, LLC</u>, 396 F.3d 1105, 1113-1114 (10th Cir. 2005).

In <u>Gross v. FBL Financial Services, Inc.</u>, 557 U.S. 167 (2009), the court examined the private-sector provisions of the ADEA in the context of a motion for summary judgment. The court held that proof of a violation of the ADEA requires evidence that the employer would not have acted as it did if it had not considered the plaintiff's age. *Id.* at 180. *See,* <u>Jones v. Oklahoma City Public Schools</u>, at 1278 (holding that "<u>Gross</u> does not disturb longstanding Tenth Circuit precedent by placing a heightened evidentiary requirement on ADEA plaintiffs to prove that age was the sole cause of the adverse employment action").[5]

---

[5] "Some courts have gone so far as to apply this [<u>Gross</u>] standard at the pleading stage, holding that plaintiffs cannot even plead alternative discrimination theories when one of those theories requires but-for causation, because pleading a fact in support of the alternative theory (such as race) negates any possibility of but-for causation for the theory that requires it (such as age). Fortunately for plaintiffs, most courts have rejected this theory. They say that <u>Gross</u> did not address pleading and that alternative, inconsistent pleading is a staple of federal litigation. They do, however, acknowledge that the <u>Gross</u> standard might mean that these plaintiffs will lose at summary judgment or will have to elect before trial, even if not at the pleading stage." D'Andra Millsap Shu, <u>Article: The Coming Causation Revolution in Employment Discrimination Litigation</u>, 43 Cardozo L. Rev. 1807, 1830-1831 (June, 2022) (footnotes and citations omitted).

Comparison to similarly situated employees who are not over age forty is not an indispensable element of a plaintiff's *prima facie* case under the ADEA. <u>Sorbo v. United Parcel Services</u>, 432 F.3d 1169, 1173 (10th Cir. 2005) (collecting cases). To raise an inference of discrimination at the *prima facie* stage in a wrongful-termination case, a plaintiff need only show that she belongs to a protected class, that she was qualified for her job, that despite her qualifications, she was discharged, and that the job was not eliminated after her discharge. <u>Perry v. Woodward</u>, 199 F.3d 1126, 1138 (10th Cir. 1999). To prevail in an age-discrimination case, a plaintiff must show that "the challenged action occurred under circumstances giving rise to an inference of discrimination." <u>Bennett v. Windstream Communications, Inc.</u>, 792 F.3d 1261, 1266 (10th Cir. 2015). Under the ADEA, more is not required of a plaintiff at the pleading stage.

## – Conclusion –

In alleging that the expected duration of Cline's inability to work exceeded six months and also alleging that if he had been granted leave, he could have returned to work within "a reasonable period of time," the amended complaint sets forth the "inconsistent sets of facts" recognized by the district court. However, the district court erred in holding that such factual inconsistency precludes a finding of plausibility for his failure-to-accommodate claim. "Pleading alternative fact patterns

does not make the complaint less 'plausible' or subject to dismissal for failure to state a claim." 2 Moore's Federal Practice – Civil - § 8.09.

The amended complaint also alleges facts that are sufficient to support a finding that Cline's age was the determining factor that caused Employer to terminate him. Employer's argument that "more" facts are required for Cline to state a plausible claim for age-discrimination is inconsistent with the standards articulated by this court for deciding 12(b)(6) motions. <u>Khalik v. United Airlines</u>, at 1191 ("There is no indication the Supreme Court intended a return to the more stringent pre-Rule 8 pleading requirements.").

The judgment of the district court should be reversed.

Respectfully submitted,

CHARLES CLINE, Plaintiff – Appellant


By:    s/ *Donald M. Bingham*
Donald M. Bingham, OBA #794
RIGGS, ABNEY, NEAL, TURPEN, ORBISON & LEWIS
502 W. 6th St.
Tulsa, OK 74119
Telephone: (918) 587-3161
Facsimile: (918) 587-9708
don_bingham@riggsabney.com

ATTORNEY FOR PLAINTIFF – APPELLANT

**CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMIT**
Certificate of Compliance With Type-Volume Limit,
Typeface Requirements, and Type Style Requirements

1. This document complies with the word limit of Fed.R.App.P. 32(a)(7)(B)(i) because, excluding the parts of the documents exempted by Fed.R.App.P. 32(f):

    [X] this document contains 3038 words.

2. This document complies with the typeface requirements of Fed.R.App.P. 32(a)(5) and the type style requirements of Fed.R.App.P. 32(a)(6) because:

    [X] this document has been prepared in a proportionally spaced typeface using Microsoft Word 2019 MSO in 14-point font Times New Roman.

Date: March 15, 2023

                        *s/ Donald M. Bingham*
                    Donald M. Bingham, OBA #794
                    RIGGS, ABNEY, NEAL, TURPEN,
                    ORBISON & LEWIS
                    502 W. 6th St.
                    Tulsa, OK 74119
                    Telephone: (918) 587-3161
                    Facsimile: (918) 587-9708
                    don_bingham@riggsabney.com

                    ATTORNEY FOR PLAINTIFF –
                    APPELLANT

## CERTIFICATE OF SERVICE

I hereby certify that on March 15, 2023, I electronically filed the foregoing using the Court's CM/ECF system which will send notification of such filing to the following:

R. Tom Hillis
J. Miles McFadden
Titus Hillis Reynolds Love
15 E. 5th St., Suite 3700
Tulsa, OK 74103

                              *s/ Donald M. Bingham*
                              Donald M. Bingham